Exhibit "A"

ELECTRONICALLY FILED
Superior Court of California,
County of Tulare
04/26/2023
By: Sevanah Trevino ,
Deputy Clerk

**Assigned to Judicial Officer**
John P Bianco

**For All Purposes**

**Case Management Conference**
08/24/2023 08:30 AM - Department 02

1  LAW OFFICES OF
2  **CHAMBERS & NORONHA**
   2070 NORTH TUSTIN AVENUE
   SANTA ANA, CALIFORNIA 92705
3  (714)558-1400

4  GARY L. CHAMBERS, ESQ.
   ATTORNEY BAR NO. 86076
5  glchambers@cnlegalgroup.com
   GARRETT R. CHAMBERS, ESQ.
6  ATTORNEY BAR NO. 304796
   grchambers@cnlegalgroup.com
7  CHANTELL CERVANTES-CHAMBERS, ESQ.
   ATTORNEY BAR NO. 299501
8  cpcervantes@cnlegalgroup.com

9  ATTORNEYS FOR PLAINTIFF

10

11        SUPERIOR COURT OF THE STATE OF CALIFORNIA

12            IN AND FOR THE COUNTY OF TULARE

13                                    VCU297793

14  EDNA MOLINA, individually, and as      CASE NO.: ~~22STCV29914~~
    Successor-In-Interest of the Estate of
15  LORENZO MOLINA, ASHLEY MOLINA,
    individually,
16                                         **COMPLAINT FOR DAMAGES**
           Plaintiff,
17                                         1. **WRONGFUL          DEATH**
           vs.                                **(NEGLIGENCE)**
18                                         2. **CIVIL RIGHTS VIOLATION (42**
    COUNTY OF TULARE, TULARE COUNTY          **U.S.C. § 1983)**
19  SHERIFF'S DEPARTMENT; DOE 1; DOE 2,    3. **CONSPIRACY    TO    VIOLATE**
    and DOES 1 through 100, Inclusive,        **CIVIL RIGHTS (42 U.S.C. § 1983)**
20                                         4. **MONELL CLAIM (42 U.S.C. § 1983)**
           Defendants.                     5. **BANE ACT (CAL. CIV. CODE §**
21                                            **52.1)**

22                                         DEMAND FOR JURY TRIAL

23

24     Plaintiffs, EDNA MOLINA and ASHLEY MOLINA, alleges against Defendants, and each

25  of them, as follows:

26  \\\

27  \\\

28
                                          1
    PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1

## GENERAL ALLEGATIONS

2    1.    At all relevant times herein, Plaintiff EDNA MOLINA, individually and as
3  Successor-in-interest to The Estate of LORENZO MOLINA, was a resident of the County of Los
4  Angeles, State of California.

5    2.    Plaintiff, EDNA MOLINA, is the wife of the decedent, LORENZO MOLINA, and
6  therefore is entitled under Sections 377.11, 377.30 and 377.60 of the California *Code of Civil*
7  *Procedure* to bring and maintain the present actions for herself individually and as heir at law and
8  Successor-in-interest to the Estate of LORENZO MOLINA. Plaintiff EDNA MOLINA will execute
9  and file a declaration under penalty of perjury pursuant to California *Code of Civil Procedure*
10 §377.32.

11    3.    Plaintiff ASHLEY MOLINA is the natural daughter of decedent, LORENZO
12 MOLINA. At all times mentioned herein, Plaintiff ASHLEY MOLINA was an individual residing
13 in County of Los Angeles, State of California.

14    4.    At all times mentioned herein, Defendant COUNTY OF TULARE was and is a
15 public entity, duly organized and existing under and by virtue of the laws of the State of California.

16    5.    At all times mentioned herein, Defendant TULARE COUNTY SHERIFF'S
17 DEPARTMENT is, and was, a public agency duly organized and existing under and by the laws of
18 the State of California and/or was a department of Defendant COUNTY OF TULARE. Plaintiffs
19 are informed and believe and thereon allege that Defendant COUNTY OF TULARE and/or
20 Defendant TULARE COUNTY SHERIFF'S DEPARTMENT were the employers of Defendants
21 DOE 1 and DOE 2.

22    6.    At all relevant times mentioned herein, Defendant, DOE 1, was and is a resident of
23 the County of Tulare.

24    7.    At all relevant times mentioned herein, Defendant, DOE 2, was and is a resident of
25 the County of Tulare.

26

27

28

2

1       8.    At all relevant times mentioned herein, Defendants COUNTY OF TULARE and

2   TULARE COUNTY SHERIFF'S DEPARTMENT are municipal corporations organized and

3   existing under the laws of the State of California.

4       9.    Plaintiffs are informed and believe, and thereon allege, that Defendants, DOE 1,

5   DOE 2, and DOES 3 through 50, are, and at all times herein mentioned were, duly appointed and

6   acting as a Police Officers for Defendants COUNTY OF TULARE and TULARE COUNTY

7   SHERIFF'S DEPARTMENT and were at all material times acting under color of state law, and as

8   the employees, agents and representatives of every other Defendant. Defendant DOES 1 through 50

9   were acting under color of law and within the course and scope of their employment, including but

10  not limited to under California *Government Code* §§ 815.2, 820 and 825, with Defendants COUNTY

11  OF TULARE and TULARE COUNTY SHERIFF'S DEPARTMENT on May 1, 2022, the date of

12  the incident, and Defendants COUNTY OF TULARE and TULARE COUNTY SHERIFF'S

13  DEPARTMENT are legally responsible for all damages caused by the intentional and/or negligent

14  and/or otherwise tortious conduct of Defendants DOE 1, DOE 2, and DOES 3 through 50, as alleged

15  herein. Despite diligent efforts to identify these officers, officers, or otherwise, Plaintiffs are

16  ignorant of the actual names and identities of Defendants DOE 1, DOE 2, and DOES 3 through 50,

17  but Plaintiffs have timely presented Government Claims against them under California law and are

18  timely naming them as defendants herein and suing them for damages under California state law as

19  alleged herein.

20      10.    At all times mentioned herein, Defendants, DOE 1, DOE 2, and DOES 3 through 50,

21  individuals, were acting within the course and scope of their employment and under color of law as

22  an officer, deputy, sergeant, captain, commander, and/or civilian employee of the COUNTY OF

23  TULARE and TULARE COUNTY SHERIFF'S DEPARTMENT, and each of them was authorized

24  by the Defendant COUNTY OF TULARE and/or Defendant TULARE COUNTY SHERIFF'S

25  DEPARTMENT OF LOS ANGELES to perform the duties and responsibilities of a sworn police

26  officer of and for these defendants, and all acts hereinafter complained of were performed by each

27  of them within the course and scope of his duties as a police officer, deputy and official. Defendants,

28

1  DOE 1, DOE 2, and DOES 3 through 50, are sued herein in their individual capacity and in their
2  official capacity as a police officer, deputy, sergeant, captain and/or as other employee of COUNTY
3  OF TULARE and TULARE COUNTY SHERIFF'S DEPARTMENT.

4     11.   At all times relevant herein, Defendant DOES 51 through 100, were supervisors,
5  employees and/or policy makers for Defendants COUNTY OF TULARE and TULARE COUNTY
6  SHERIFF'S DEPARTMENT, which employed unlawful, organized, and illegal customs and
7  practices of use of excessive force and unlawful and unjustified shootings. Said misconduct was
8  encouraged, tolerated, and condoned by Defendants, and each of them.

9     12.   At all times relevant hereto, Defendants DOE 1, DOE 2, and DOES 3 through 50,
10 DOES 51 through 100, and each of them, were acting within the course and scope of their
11 employment and under color of law as officers, officers, sergeants, captains, commanders, and/or
12 civilian employees of Defendant TULARE COUNTY SHERIFF'S DEPARTMENT, a department
13 and/or a subdivision of Defendant COUNTY OF TULARE and at all times were acting with
14 permission and consent of their co-Defendants. Said Defendants, and each of them, were specifically
15 authorized by Defendant COUNTY OF TULARE and/or the TULARE COUNTY SHERIFF'S
16 DEPARTMENT to perform the duties and responsibilities of sworn police officers and/or officers
17 of and for the COUNTY OF TULARE, and all acts hereinafter complained of were performed by
18 them within the course and scope of their duties as police officers, officers and officials for said
19 Defendant, and its police department, and are herein sued in their individual capacities and in their
20 official capacities as police officers, officers, sergeants, captains, commanders, supervisors, policy
21 makers and/or as other employees of Defendants COUNTY OF TULARE and the TULARE
22 COUNTY SHERIFF'S DEPARTMENT. Said Defendants, and each of them, at all times relevant
23 hereto, were acting under color of law, to wit, under the color of the statutes, ordinances, regulations,
24 policies, customs, practices and usages of Defendant COUNTY OF TULARE, and/or the TULARE
25 COUNTY SHERIFF'S DEPARTMENT.

26    13.   At all times relevant to the present complaint, Defendants DOE 1, DOE 2, and DOES
27 3 through 50, DOES 51 through 100, inclusive, were acting within their capacity as employees,

28

1  agents, representatives, and servants of Defendants COUNTY OF TULARE and/or TULARE
2  COUNTY SHERIFF'S DEPARTMENT which are liable under the doctrine of *respondeat superior*,
3  pursuant to Sections 815.2, 820 and 825 of the California *Government Code*, et al.

4          14.    Defendants COUNTY OF TULARE and/or TULARE COUNTY SHERIFF'S
5  DEPARTMENT encouraged, assisted, ratified, and/or with deliberate indifference failed to prevent
6  all of the acts and omissions herein alleged against the defendants, and each of them.

7          15.    Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as
8  DOES 1 through 100, inclusive, and therefore sue these Defendants by such fictitious names. The
9  full extent of the facts linking such fictitiously sued Defendants is unknown to Plaintiffs. Plaintiffs
10 will amend this complaint to allege said Defendants' true names and capacities when such are
11 ascertained. Plaintiffs are informed and believe and thereon allege, that each of the fictitiously
12 named Defendants are responsible in some manner for the occurrences herein alleged, and that
13 Plaintiffs' damages as herein alleged were proximately caused by the acts and/or omissions of said
14 fictitiously name Defendants.

15         16.    Plaintiffs are informed and believe, and thereon allege, that at all times mentioned
16 herein, Defendants and DOES 1 through 50, inclusive, and each of them, were agents, servants,
17 employees, successors in interest, and/or joint venturers of their co-Defendants, and were, as such,
18 acting within the course, scope, and authority of said agency, employment, and/or venture, and that
19 each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection
20 and hiring, training, and supervision of each and every other Defendant as an agent, servant,
21 employee, successor in interest, and/or joint venturer.

22         17.    On or about October 20, 2022, Plaintiffs, EDNA MOLINA and ASHLEY MOLINA,
23 presented a Claim for Damages pursuant to, and in substantial compliance with, California
24 *Government Code* § 910, for damages sustained as a result of the incident alleged herein.

25         18.    On May 1, 2022, Decedent LORENZO MOLINA was shot and killed by Defendants
26 DOE 1, DOE 2, and DOES 3-50, who were employed and working within the course and scope of
27 their employment as officers of the COUNTY OF TULARE and/or TULARE COUNTY
28

1 | SHERIFF'S DEPARTMENT, while at his uncle's home at or near the 7000 block of Road 232 in
2 | the City of Ducor, County of Tulare, State of California.

3 |      19.    Based on information and belief, before and upon arrival, the officers/deputies were
4 | advised that decedent, LORENZO MOLINA, was suspected of assaulting his uncle with a knife.
5 | Based on information and belief, Defendants, DOE 1, DOE 2, and DOES 3 through 50,
6 | officers/deputies who were employed and working within the course and scope of their employment
7 | as officers of TULARE COUNTY SHERIFF'S DEPARTMENT, COUNTY OF TULARE and
8 | DOES 51 through 100, arrived on the scene. Based on information and belief, the decedent was
9 | confronted by Defendants, and each of them. Based on information and belief, at the time the
10 | Defendants, and each of them, confronted the decedent, LORENZO MOLINA, and told him to drop
11 | the knife.

12 |      20.    At the time of the confrontation, the Defendants, DOE 1, DOE 2, and DOES 3
13 | through 50, officers/deputies who were employed and working within the course and scope of their
14 | employment as officers of TULARE COUNTY SHERIFF'S DEPARTMENT, COUNTY OF
15 | TULARE, and DOES 51 through 100, knew and understood that decedent did not have a gun or any
16 | firearm whatsoever. Based on information and belief, the Defendants, and each of them, attempted
17 | to deploy a taser on decedent, LORENZO MOLINA. Based on information and belief, the
18 | Defendants, and each of them, then used lethal force, fired multiple independent shots from a firearm
19 | striking decedent, LORENZO MOLINA, which ultimately caused his expiration.

20 |      21.    On information and belief, after the shooting, the Defendant, and each of them,
21 | delayed obtaining any medical assistance for Decedent LORENZO MOLINA, and failed to request
22 | immediate medical assistance or take necessary life-saving measures.

23 |      22.    The TULARE COUNTY SHERIFF'S DEPARTMENT, COUNTY OF TULARE,
24 | and DOES 51 through 100, negligently and poorly trained, hired, supervised, and retained the
25 | officers that ultimately fired multiple rounds at decedent, LORENZO MOLINA, which ended up
26 | killing him. Moreover, the TULARE COUNTY SHERIFF'S DEPARTMENT supervisors were
27 | negligent in their control and direction of the tactics utilized by the officers at the scene.

28 |

1  Additionally, the TULARE COUNTY SHERIFF'S DEPARTMENT, COUNTY OF TULARE, and
2  all of their employees and sworn officers, were negligent in the hiring, training, selection, retention,
3  and discipline of the officers involved in the shooting, as well as the employees who trained the
4  involved officers throughout their careers, from the academy to the date in question.

5      23.    More importantly, within the TULARE COUNTY SHERIFF'S DEPARTMENT,
6  there was and exists a custom, policy and practice, whether express or implied, oral or written, that
7  allowed all of the conduct outlined in this Complaint and that fostered an environment that allowed
8  and permitted this shooting to occur, all creating liability under the laws of the State of California,
9  the Constitution of the State of California, the laws of the United States, and the United States
10 Constitution.

11     24.    Decedent LORENZO MOLINA endured pain and suffering caused by Defendants,
12 and each of them, acts and/or admissions prior to her death. Pursuant California Code of Civil
13 Procedure section 377.34, Plaintiff EDNA MOLINA seek damages, as decedent's successors in
14 interest according to California Code of Civil Procedure section 377.11 and decedent's heirs at law,
15 for LORENZO MOLINA's pain and suffering prior to his death.

16

17                          **JURISDICTION AND VENUE**

18     25.    Venue is proper in the COUNTY OF TULARE pursuant to Section 395(a) of the
19 *Code of Civil Procedure* because the subject incident causing Plaintiffs' injuries and damages
20 occurred in County of Tulare, California, including: (1) the acts and omissions complained of
21 herein; and (2) Decedent LORENZO MOLINA's death.

22     26.    The amount of controversy exceeds the jurisdictional minimum of this Court.

23     27.    Jurisdiction is conferred upon this court by Section 1983, of Title 42, United States
24 Code. Concurrent jurisdiction was granted to this court under Williams vs. Horvath, (1976) 16
25 Cal.3d 834, 837. Also, this Court has jurisdiction to award damages pursuant to Article VI Section
26 10 of the California Constitution.

27

28

7

1    28.    Pursuant to Government Code Section 910. Plaintiffs submitted a Government Tort
2   Claim on October 20. 2022. to the appropriate Government entities. The respective government
3   entities rejected by operation of law. The instant action is timely brought within 6 months from the
4   rejection by operation of law.

5

6                              **FIRST CAUSE OF ACTION**

7                              **Wrongful Death - Negligence**

8                     **(By Plaintiffs EDNA MOLINA and ASHLEY MOLINA**

9        **Against Defendants COUNTY OF TULARE; TULARE COUNTY SHERIFF'S**

10                **DEPARTMENT, DOE 1, DOE 2 and DOES 3 through 100)**

11    29.    Plaintiffs refers to paragraphs 1 through 28. inclusive, of this complaint and this
12   reference incorporates them herein as if fully set forth at length.

13    30.    Plaintiffs are informed. believe, and thereon allege that, at all times relevant and
14   mentioned herein. Defendants COUNTY OF TULARE; TULARE COUNTY SHERIFF'S
15   DEPARTMENT, DOE 1. DOE 2 and DOES 3 through 100. and each of them, owed a duty of care
16   to Plaintiffs, EDNA MOLINA and ASHLEY MOLINA, and Decedent LORENZO MOLINA. to
17   carry out their law enforcement duties in a reasonable manner, including the use of any firearms or
18   any force whatsoever, and attempting to take him into custody that they would not restrain him in
19   any manner that would ultimately end his life.

20    31.    Plaintiffs are informed. believe, and thereon allege that Defendants COUNTY OF
21   TULARE; TULARE COUNTY SHERIFF'S DEPARTMENT. DOE 1. DOE 2 and DOES 3 through
22   100. and each of them. owed a duty of care to Plaintiffs. EDNA MOLINA and ASHLEY MOLINA.
23   and Decedent LORENZO MOLINA. which they were required to use reasonable diligence to see
24   that Plaintiffs' decedent was provided with proper medical care and not to take actions to worsen or
25   exacerbate the Decedent's condition. Accordingly. this count asserts a claim for negligence against
26   all Defendants based on Plaintiffs' allegations that all Defendants owed a duty of care to Plaintiffs

27

28

8

1   and Decedent, that Defendants breached that duty of care by failing to provide Plaintiff's decedent
2   with adequate medical care, evaluation, and treatment.

3        32.    Defendants DOE 1, DOE 2, and DOES 3 through 50, while working as officers of
4   the TULARE COUNTY SHERIFF'S DEPARTMENT and acting within the course and scope of
5   their duties, intentionally and/or negligently, and without due care, shot decedent, LORENZO
6   MOLINA. As a result, Decedent, LOREZNO MOLINA, suffered serious injuries, and ultimately
7   died. Said defendants had no legal justification for this shooting and said defendants' use of force
8   against LORENZO MOLINA was negligent and an unreasonable use of force.

9        33.    Plaintiffs are informed, believes, and thereon alleges that, at all times relevant and
10  mentioned herein, Defendants COUNTY OF TULARE; TULARE COUNTY SHERIFF'S
11  DEPARTMENT, DOE 1, DOE 2, and DOES 3 through 50, and each of them, carelessly and
12  negligently carried out their law enforcement duties, and particularly used their firearms in a reckless
13  way wherein they shot and killed LORENZO MOLINA, a member of the community that posed no
14  threat of harm to the TULARE COUNTY SHERIFF'S DEPARTMENT officers at the time she was
15  shot.

16       34.    Plaintiffs are informed, believe, and thereon allege that, at all times relevant and
17  mentioned herein, said careless, negligent, reckless, and unlawful conduct by Defendants, and each
18  of them, was the direct, legal and proximate cause of the death of LORENZO MOLINA, and the
19  resulting damages to Plaintiff EDNA MOLINA and ASHLEY MOLINA herein alleged.

20       35.    As a direct and proximate result of said defendants' conduct as alleged above,
21  LORENZO MOLINA died. Plaintiffs EDNA MOLINA and ASHLEY MOLINA has been deprived
22  of the life-long comfort, support, society, and care of LORENZO MOLINA, and will continue to
23  be so deprived for the remainder of his natural life.

24       36.    Defendants COUNTY OF TULARE and TULARE COUNTY SHERIFF'S
25  DEPARTMENT are vicariously liable for the wrongful acts of Defendants DOES 1 through 100,
26  pursuant to California *Government Code* § 815.2 which provides that a public entity is liable for the
27
28

1   injuries caused by its employees within the scope of the employment if the employee's act would

2   subject him or her to liability.

3        37.   Plaintiffs are further informed, believe, and thereon allege that, at all times relevant

4   and mentioned herein, Defendants, and each of them, owed a duty of care to all reasonably

5   foreseeable people, including Plaintiffs EDNA MOLINA and ASHLEY MOLINA and LORENZO

6   MOLINA to reasonably hire, select, retain, and discipline their police officers. Plaintiff is informed

7   and believes, and thereon alleges that, at all times relevant and mentioned herein, Defendants

8   COUNTY OF TULARE and TULARE COUNTY SHERIFF'S DEPARTMENT, owed a duty of

9   care to all reasonable foreseeable people, including Plaintiffs EDNA MOLINA and ASHLEY

10  MOLINA and LORENZO MOLINA, to reasonably train and supervise their police officers to carry

11  out their law enforcement duties, including particularly, the use of any firearms or any force

12  whatsoever, in a reasonable manner.

13       38.   Plaintiffs are further informed, believe, and thereon allege that, at all times relevant

14  and mentioned herein, Defendants COUNTY OF TULARE and TULARE COUNTY SHERIFF'S

15  DEPARTMENT breached these duties by failing to adequately train and supervise their officers in

16  the use of force. In fact, police officers at the scene were negligently and poorly trained, were

17  negligently and poorly hired, were negligently and poorly supervised (both at the scene and before)

18  and were negligently retained. Moreover, the Defendants COUNTY OF TULARE and TULARE

19  COUNTY SHERIFF'S DEPARTMENT supervisors at the scene negligently handled the situation

20  and were negligent in their control and direction of the tactics and the officers at the scene.

21  Additionally, the Defendants, COUNTY OF TULARE and TULARE COUNTY SHERIFF'S

22  DEPARTMENT, and all their employees and sworn officers, were negligent in the hiring, training,

23  supervision, retention, and disciplining of the officers involved in the shooting, as well as the

24  officers who trained the involved officers throughout their careers, from the academy to the date in

25  question.

26       39.   Defendants further breached their duty in that the COUNTY OF TULARE and

27  TULARE COUNTY SHERIFF'S DEPARTMENT officers who were at the scene of the subject

28

1   incident, including Defendants DOE 1, DOE 2 and DOES 3 through 50, and each of them, have a
2   history of improper uses of force and improperly discharging their firearms, and yet were never
3   disciplined, or were not disciplined properly, and were never trained or re-trained properly, and were
4   never removed from service.

5       40.   Defendants further breached their duty because within the TULARE COUNTY
6   SHERIFF'S DEPARTMENT, there was a custom, policy, and practice, whether express or implied,
7   oral or written, that allowed all of the conduct outlined in this claim to occur and that allowed this
8   tragic shooting of LORENZO MOLINA to occur.

9       41.   At the time of the shooting of LORENZO MOLINA by said defendants, Defendants
10  COUNTY OF TULARE and TULARE COUNTY SHERIFF'S DEPARTMENT, DOE 1, DOE 2
11  and DOES 3 through 100, and each of them, negligently and carelessly had in place, and had ratified,
12  policies, procedures, customs, and practices which permitted and encouraged their officers to shoot
13  persons unjustifiably, unreasonably and in violation of their civil rights.

14      42.   As a direct and proximate result of the aforesaid negligent conduct of the Defendants,
15  and each of them, and the resultant death of LORENZO MOLINA, Plaintiffs, EDNA MOLINA and
16  ASHLEY MOLINA, have sustained damages resulting from the loss of love, affection, society,
17  service, comfort, support, right of support, expectations of future support and counseling,
18  companionship, solace and mental support, as well as other benefits and assistance, of the Decedent,
19  all to their general damages.

20      43.   As a direct and proximate result of the aforesaid negligent conduct of the Defendants,
21  and each of them, and the resultant death of LORENZO MOLINA, Plaintiffs, EDNA MOLINA and
22  ASHLEY MOLINA, will be deprived of the financial support and assistance of Decedent
23  VALENTINA ORELLANA PERALTA, and have incurred funeral and burial expenses.

24      44.   The aforementioned acts of Defendants COUNTY OF TULARE and TULARE
25  COUNTY SHERIFF'S DEPARTMENT, DOE 1, DOE 2 and DOES 3 through 100, and each of
26  them, were done by them knowingly, intentionally, and maliciously, in conscious disregard for the
27  safety of the public including Decedent LORENZO MOLINA, and in reckless, wanton and callous

28

1  disregard of her safety and security. LORNEZO MOLINA survived for a period of time and,
2  therefore, suffered extreme physical and mental pain prior to her horrible death. Plaintiff therefore
3  claims exemplary and punitive damages from the individual Defendants in an amount according to
4  proof at trial in excess of the jurisdictional minimum of this court.

6                              **SECOND CAUSE OF ACTION**
7                        **CIVIL RIGHTS VIOLATIONS (42 U.S.C. § 1983)**
8                        **(By Plaintiffs EDNA MOLINA and ASHLEY MOLINA**
9              **Against Defendants COUNTY OF TULARE; TULARE COUNTY SHERIFF'S**
10                      **DEPARTMENT, DOE 1, DOE 2 and DOES 3 through 100)**

11        45.    Plaintiffs refers to paragraphs 1 through 44, Inclusive, of this complaint and this
12  reference incorporates them herein as if fully set forth at length.

13        46.    This cause of action is brought on behalf of Plaintiff, EDNA MOLINA, an individual
14  and successor-in-interest of LORENZO MOLINA, deceased, who would, but for his death, be
15  entitled to bring this cause of action, and Plaintiff, ASHLEY MOLINA, and is set forth herein to
16  redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or
17  usage of a right, privilege, and immunity secured to LORENZO MOLINA by the Fourth
18  Amendment to the United States Constitution.

19        47.    During all times mentioned herein, Defendant, DOE 1, DOE 2, and DOES 3 through
20  50, acted under color and pretense of law, under color of the statutes, ordinances, regulations,
21  policies, practices, customs and usages of their principal, Defendants COUNTY OF TULARE and
22  TULARE COUNTY SHERIFF'S DEPARTMENT, and DOES 51 through 100. Each of the
23  individual Defendants herein, separately and in concert, deprived LORENZO MOLINA of the
24  rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the
25  United States Constitution, and by the laws of the United States.

26        48.    Plaintiffs is informed, believes, and therefore alleges, that Defendants, and each of
27  them, fatally shot and killed LORENZO MOLINA, as previously described, all of which constituted

28
                                            12

1   deadly, excessive, unjustifiable, and unreasonable force in violation of and with deliberate
2   indifference to LORENZO MOLINA's constitutional right to be free from unreasonable seizures.
3   By causing the death of LORENZO MOLINA, these actions additionally violated LORENZO
4   MOLINA's Fourteenth Amendment rights to substantive due process, privacy, as well as the right
5   of Plaintiff to associate with her husband, their right to enjoy the care, companionship, familial
6   relationship, and society of each other, and they right to be free from arbitrary and unreasonable
7   government intrusions into their family unit, as Defendants, and each of them, intruded upon with
8   deliberate indifference and in a manner that shocks the conscience, when he used deadly and
9   excessive means to secure or retrain LORENZO MOLINA.

10      49.     The above acts of omissions of Defendants, and each of them, were undertaken while
11   under color of state law and resulted in the violation of Plaintiffs and LORENZO MOLINA's
12   constitutional rights, as stated herein.

13      50.     LORENZO MOLINA had the right to be free from unreasonable seizures, and the
14   right to be free from the use of unreasonable and excessive restraints. These rights and privileges
15   are secured to LORENZO MOLINA by the provisions of the Fourth Amendment to the United
16   States Constitution, and by 42 U.S.C. Section 1983. All of these interests were implicated by the
17   wrongful conduct of Defendants, and each of them, which proximately caused LORENZO
18   MOLINA's death. PLAINTIFF had a Fourteenth Amendment right to substantive due process,
19   privacy, as well as a fundamental right to associate with her husband, and a right to enjoy the care,
20   companionship, familial relationship, and society of LORENZO MOLINA, and a right to be free
21   from arbitrary and unreasonable government intrusions into the family unit. All of these rights and
22   privileges are secured to Plaintiffs by the provisions of the Fourteenth Amendment to the United
23   States Constitution, and by 42 U.S.C. Section 1983. All of these interests were implicated by the
24   wrongful conduct of Defendants, and each of them, which proximately caused LORENZO
25   MOLINA's death.

26      51.     Each of the Defendants acted in concert, acted outside the scope of his jurisdiction
27   and without authorization of law and Defendants acted willfully, knowingly, with reckless disregard

28

1   and deliberate indifference to the known consequences of his acts and omissions, and purposefully
2   with the intent to deprive Plaintiffs and Plaintiffs' decedent of their federally protected rights and
3   privileges, and did in fact violate those rights and privileges, entitling PLAINTIFF to punitive and
4   exemplary damages in an amount to be proven at the trial of this matter.

5        52.     As a direct and proximate result of the aforesaid acts, omission, customs, practices,
6   policies and decisions of Defendants, Plaintiffs and Plaintiffs' decedent have suffered great mental
7   and physical pain, suffering, anguish fright, nervousness, anxiety, grief, shock, humiliation,
8   indignity, embarrassment, apprehension, and the loss of love, comfort, society, solace, and support,
9   all to their damage in a sum to be determined at trial. Additionally, Plaintiffs have been forced to
10  incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the
11  prosecution of the above articulated constitutional violations.

12       53.     The actions of Defendants, and each of them, deprived Plaintiffs of their right to be
13  free from state actions that shock the conscience under the Fourteenth Amendment's Due Process
14  Clause.

15       54.     As a result of the conduct of Defendants, all Defendants are liable for injuries here,
16  either because they were integral participants in the wrongful restraint and death of LORENZO
17  MOLINA, or because they both failed to intervene to prevent these violations.

18       55.     The conduct of Defendants, and each of them, was willful, wanton, malicious and
19  done with an evil motive and intent and a reckless disregard for the rights and safety of LORENZO
20  MOLINA, and therefore warrants the imposition of exemplary and punitive damages as to
21  Defendants.

22       56.     Accordingly, Defendants are liable to PLAINTIFFS for compensatory and punitive
23  damages under 42 U.S.C. § 1983.

24  \\\

25
26
27
28

14

### THIRD CAUSE OF ACTION

**MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM OR POLICY**
**(42 U.S.C. § 1983)**

**(By Plaintiffs EDNA MOLINA and ASHLEY MOLINA**

**Against Defendants COUNTY OF TULARE; TULARE COUNTY SHERIFF'S**

**DEPARTMENT, DOE 1, DOE 2 and DOES 3 through 100)**

57.    Plaintiffs refers to paragraphs 1 through 56, Inclusive, of this complaint and this reference incorporates them herein as if fully set forth at length.

58.    On and for some time prior to May 2, 2033 (and continuing to the present date) Defendants, and each of them, deprived LORENZO MOLINA of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of LORENZO MOLINA, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

a)    Employing and retaining as Police Officers and other personnel, including COUNTY OF TULARE and TULARE COUNTY SHERIFF'S DEPARTMENT, DOE 1, DOE 2 and DOES 3 through 100, and each of them, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written Police Department policies and for using restraints, specifically with the use of semi-automatic rifle and/or handgun.

b)    Of inadequately supervising, training, controlling, assigning, and disciplining Police Officers, and other personnel, including COUNTY OF TULARE and TULARE COUNTY SHERIFF'S DEPARTMENT, DOE 1, DOE 2 and DOES 3 through 100, and each of them, each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

15

c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling the intentional misconduct by Defendants, DOE 1, DOE 2 and DOES 3-50; and,

d) By having and maintaining an unconstitutional custom and practice of using restraints and covering up police misconduct. These customs and practices by Defendants COUNTY OF TULARE and TULARE COUNTY SHERIFF'S DEPARTMENT were condoned by said defendants in deliberate indifference to the safety and rights of its civilians, including LORENZO MOLINA.

59.     The above articulated constitutional violations were proximately caused by Defendants, and each of them, deliberate indifference to the maintenance, training, and control of their peace officers, and the injuries and constitutional violations set forth herein were proximately caused by the customs, practices, policies and decisions of Defendants, and each of them, including, but not limited to, inadequately training and supervising peace officers with respect to the reasonable and proper use of restraints and other force against civilians, specifically use of semi-automatic rifles and/or handgun.

60.     By reason of the aforementioned policies and practices of Defendant, and each of them, LORENZO MOLINA suffered severe pain and suffering, mental anguish, humiliation, and emotional distress before his death.

61.     As set forth in the foregoing paragraphs of this Complaint, the killing of LORENZO MOLINA was an unconstitutional display of unreasonable, excessive, and deadly restraint, which violated LORENZO MOLINA's Fourth Amendment right to be free from unreasonable seizures. Plaintiffs are further informed, believe, and thereon allege the details of this incident have been revealed to the authorized policy makers within Defendants, and each of them, and that such policy makers have direct knowledge of the fact that LORENZO MOLINA's death was not justified, but rather represented an unconstitutional display of unreasonable, excessive, and deadly restraint.

62.     Despite the fact that Defendants, and each of them, knew or should have known of the fact that these acts, omissions, decisions, practices, customs and policies, both formal and

1   informal, were being carried out by its agents and employees. Defendants have taken no steps or
2   efforts to prevent this course of conduct, nor to make redress to these Plaintiffs, LORENZO
3   MOLINA, or other civilian citizens injured thereby, and has failed to take any disciplinary action
4   whatsoever against any of its employees or agents.

5       63.     Defendants, and each of them, together with various other officials, whether named
6   or unnamed, had either actual or constructive knowledge of the deficient policies, practices and
7   customs alleged in the paragraphs above. Despite having knowledge as stated above these
8   defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said
9   defendants also acted with deliberate indifference to the foreseeable effects and consequences of
10  these policies with respect to the constitutional rights of LORENZO MOLINA, and other
11  individuals similarly situated.

12      64.     By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and
13  other wrongful acts, Defendants, and each of them, acted with an intentional, reckless, and callous
14  disregard for the wellbeing of LORENZO MOLINA and his constitutional rights as well as human
15  rights. Defendants, and each of them, actions were willful, wanton, oppressive, malicious,
16  fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

17      65.     Furthermore, the policies, practices, and customs implemented and maintained and
18  still tolerated by Defendants, and each of them, were affirmatively linked to and were a significantly
19  influential force behind the LORENZO MOLINA's injuries and death.

20      66.     Accordingly, Defendants, and each of them, are liable to PLAINTIFFS for
21  compensatory damages under 42 U.S.C. § 1983.

22  \\\

23
24
25
26
27
28

1

## FOURTH CAUSE OF ACTION

2

### BANE ACT (CAL. CIV. CODE § 52.1)

3

### (By Plaintiffs EDNA MOLINA and ASHLEY MOLINA

4

### Against Defendants COUNTY OF TULARE; TULARE COUNTY SHERIFF'S

5

### DEPARTMENT, DOE 1, DOE 2 and DOES 3 through 100)

6       67.     Plaintiffs refers to paragraphs 1 through 66, Inclusive, of this complaint and this

7   reference incorporates them herein as if fully set forth at length.

8       68.     On or about May 1, 2022, LORENZO MOLINA was subjected to excessive force

9   and restraint by Defendants, and each of them, under circumstances that did not require the use of

10  such force or restraint. As an unreasonable use of force and restraint, the use of force and restraint

11  constituted a violation of LORENZO MOLINA's constitutional rights against unreasonable

12  searches and seizures protected by the Constitution of the State of California. Likewise, through the

13  restraining and killing of LORENZO MOLINA, Defendants, and each of them, violated the

14  substantive due process rights of Plaintiffs, as well as her rights to familial integrity afforded by the

15  State of California.

16      69.     All of the above acts and omissions of Defendants were willful, wanton, malicious

17  and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said

18  Defendants.

19      70.     As a proximate result of the acts of Defendants, LORENZO MOLINA was made to

20  lose his life without cause or justification.

21      71.     The above acts of the present Defendants violated California Civil Code section 52.1

22  and LORENZO MOLINA, by and through his successor-in-interest, is entitled to compensatory and

23  punitive damages, as well as attorney's fees.

24      WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as

25  follows:

26      1.      General and compensatory damages in an amount according to proof against all

27              Defendants, including damages for Decedent's pre-death pain and suffering;

28

2.    Exemplary and punitive damages against Defendants, DOE 1, DOE 2 and DOES 3-50, in an amount according to proof;

3.    Funeral and burial expenses against all Defendants;

4.    Loss of household services and other special damages in an amount according to proof against all Defendants;

5.    Costs of suit and prejudgment interest as awardable by law, against all Defendants;

6.    Such other relief as may be warranted or as is just and proper.

DATE: April 25, 2023

CHAMBERS & NORONHA

By: _____

GARY L. CHAMBERS
GARRETT R. CHAMBERS
CHANTELL CERVANTES-CHAMBERS
Attorneys for Plaintiffs

PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1

### DEMAND FOR JURY TRIAL

2        Plaintiffs hereby demand trial by jury for all causes of action, claims of issues in this action

3  which are triable as a matter of right to a jury.

4  DATE: April 25, 2023               CHAMBERS & NORONHA

5

6                       By: _____

                            GARY L. CHAMBERS

7                            GARRETT R. CHAMBERS

                            CHANTELL CERVANTES-CHAMBERS

8                            Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL