UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDNA MOLINA, *individually, and as successor-in-interest of the Estate of Lorenzo Molina, et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF TULARE, *et al.*, <br><br> Defendants. | 1:23-cv-00724-EPG <br><br> ORDER TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT'S ORDERS <br><br> (ECF No. 40) |

Plaintiffs Edna Molina, Ashley Molina, Lorenzo Molina, Sr., and Maria Molina proceed on state and federal claims related to the death of their family member, Lorenzo Molina, Jr. (ECF Nos. 1, 12). The parties have consented to the jurisdiction of the undersigned "for all further proceedings in this action, including trial and entry of judgment." (ECF No. 21).

On March 8, 2024, counsel for Plaintiffs filed a motion to withdraw. (ECF No. 37). On May 1, 2024, the Court granted the motion. (ECF No. 40). On August 19, 2024, Defendants filed a brief regarding whether Plaintiffs, now proceeding *pro se*, could pursue their claims without counsel. (ECF No. 41). For reasons stated below, the Court orders that this case be dismissed without prejudice for failure to prosecute and failure to comply with a court order.[1]

---

[1] Because the Court finds dismissal is warranted on these grounds, the Court does not address the remaining arguments in Defendants' brief.

1

## I. BACKGROUND

Plaintiff originally commenced this action in the Superior Court of California, County of Tulare, on or about April 26, 2023. (ECF No. 1 at 1-2).[2] The action was later removed to federal court on May 10, 2023. (*Id.* at 3).

On or about June 12, 2023, Carrillo Law Firm, LLP substituted in as counsel of record for Plaintiffs. (ECF Nos. 10, 11). Thereafter, Plaintiffs filed a First Amended Complaint and Defendants filed an answer. (ECF Nos. 12, 23). After starting discovery, Plaintiffs' counsel filed a motion to withdraw, citing "a material breakdown in the attorney-client relationship." (ECF No. 37 at ECF p. 5). After holding a hearing, at which there were no objections, the Court granted the motion on May 1, 2024. (ECF Nos. 39, 40 at 1). The Court advised Plaintiffs that, given the nature of their claims, they may not be able to assert them without representation of counsel. (ECF No. 40 at 2). Plaintiffs stated that they intended to retain new counsel and requested ninety (90) days in which to do so. (*Id.*). The Court directed Plaintiffs to file a notice regarding whether they had new counsel and if they planned to go forward with their claims by no later than July 19, 2024. (*Id.* at 2-3). Plaintiffs were advised that if they did not have counsel by this date, Defendants would file a brief regarding whether the case should proceed, and the case may be dismissed. (*Id.*). The Court ordered the case stayed, pending notice from Plaintiffs. (*Id.* at 3).

The deadline for Plaintiffs to file a notice that they have retained new counsel and if they plan to proceed with their claims has passed, with no filing made. On August 19, 2024, Defendants filed a brief regarding whether Plaintiffs, now proceeding *pro se*, may pursue their claims. (ECF No. 41).

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to comply with court orders and to prosecute. In determining whether to dismiss an action under Rule 41(b) for failure to prosecute or failure to comply with a Court order, "the Court

---

[2] Unless otherwise indicated, page citations refer to the pagination appearing at the bottom of each page. Citations to the page numbers generated by the CM/ECF system will be preceded by "ECF p."

must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

## III.  ANALYSIS

In applying the *Pagtalunan* factors to this case, the first factor weighs in favor of dismissal, because "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted).

As to the second factor, the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiffs failed to respond to the Court's order requiring a written notice they have retained new counsel and wish to proceed with their claims. Allowing this case to proceed further without any indication that Plaintiffs intend to prosecute this case is a waste of judicial resources. *See Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("The court will not continue to drag out these proceedings when it appears that plaintiffs have no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the third *Pagtalunan* factor, risk of prejudice to Defendants, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *Id.* at 643, and it is Plaintiffs' failure to comply with a court order that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, the fourth *Pagtalunan* factor, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce

resources. Considering Plaintiffs have not appeared in this case since the hearing on the motion to withdraw over five months ago, the Court has little assurance that issuing monetary sanctions would not require ongoing Court supervision. And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Moreover, dismissal *without* prejudice *is* the lesser sanction available to the Court. Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action *with* prejudice for failure to comply with court orders and to prosecute. Fed. R. Civ. P. (41)(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (holding that Rule 41(b) allows *sua sponte* dismissal by the Court because "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") Therefore, the fourth factor also weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

**IV.     CONCLUSION AND ORDER**

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

Accordingly, it is **ORDERED** that:

1. This action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to follow Court's orders; and
2. The Clerk of Court be directed to close this case.

IT IS SO ORDERED.

Dated:   **October 16, 2024**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE